# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Barrera-Anaya, | No. CV-26-02072-PHX-SPL (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Respondents. | |

The Court directed Respondents to show cause why Petitioner's petition for writ of habeas corpus should not be granted. (Doc. 3.) Petitioner alleged that at a March 2, 2026 bond hearing, an Immigration Judge granted bond and ordered Petitioner released on a $10,000 bond. The Department of Homeland Security (DHS) "invoked a stay of release" and appealed the Immigration Judge's decision, preventing Petitioner's release. (Doc. 1 at 2.)

In response to the OSC, Respondents argue the Immigration Judge "granted bond solely based on the Central District of California's vacatur of *Matter of Yajure Hurtado* on February 18, 2026." (Doc. 6 at 2.) Respondents further argue their bond appeal will be successful, and Petitioner's bond will be overturned. The Court disagrees. Petitioner entered the United States in 2000 and is not subject to mandatory detention. *See Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). Further, Respondents' invocation of the automatic stay provision of § 1003.19(i)(2) violates Petitioner's due process rights as found in *Organista v. Sessions*, Case No. CV-17-04719-

PHX-GMS (MHB) (D. Ariz. Dec. 28, 2017).  (*Id.*)  The Court will order Petitioner to be released pursuant to the previously ordered bond.

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

2. Respondents must **immediately** release Petitioner based on the Immigration Judge's bond determination.

3. Respondents must provide a notice of compliance within three days of releasing Petitioner.

4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 21st day of April, 2026.

Honorable Steven P. Logan
United States District Judge

- 2 -